**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JOHN DOE[1]** | * | |
| **Movant,** | * | |
| v. | * | **Case No. 1:21-cv-01525** |
| **UNITED STATES DEPARTMENT** | * | |
| **OF THE TREASURY,** | | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF MOVANT'S MOTION TO QUASH THIRD PARTY SUBPOENA

Movant, John Doe, by and through his counsel, the McCormick Law Firm, LLC, and Corlie McCormick Jr., Esq., hereby file this memorandum in support of the motion to quash the Department of Treasury's subpoena to Google, Inc. pursuant to Fed. R. Civ. P. 45, 5 U.S.C. App. §6, and for all the reasons stated herein.

### I. INTRODUCTION

The United States Department of the Treasury improperly issued a subpoena to Google, Inc., wherein the Department attempted and now attempts to obtain personal information regarding Movant John Doe, including Doe's name, address and other subscriber information. The subpoena produces no basis for the request and there does not appear to be a legitimate basis for the Department of the Treasury's request for information.

### II. FACTS

On or around May 20, 2021, Movant, John Doe obtained notice that the Department of the Treasury ("Department" or "Agency"), through its Office of Inspector General, issued a subpoena

---

[1] In order to protect Movant's identity and privacy, Movant will be referenced as John Doe throughout the proceedings unless and until this Court orders disclosure.

duces tecum to Google, Inc. regarding Movant's e-mail account address akatashamack@gmail.com. (Ex. 1 at Attach. A.) The subpoena notice Mr. Doe obtained from Google was heavily redacted. (Ex. 1.) The subpoena asserts that the "[p]urpose(s) of subpoena [is/are] [t]o determine if the email address akatashamack@gmail.com was accessed from the same IP address as [REDACTED] or around the same time." (Ex. 1 at 1.) The subpoena further asserts that the date and time for production "if no court challenge" is "June 20, 2021." (*Id*. at 2.)_ The subpoena duces tecum included in Exhibit 1 notices asserts that documents sought are "necessary to carry out a legitimate law enforcement inquiry under the authority of the Inspector General Act of 1978." *(Id*. at 5.) The subpoena duces tecum is executed by Acting Attorney General, Richard K. Delmar. (*Id*.) Attached to the subpoena duces tecum is Attachment A, which requests personal information including Movant Doe's Subscriber Information, names, addresses, means and source of payment for internet service, and telephone numbers. (*Id*. at 6.). The Agency provides no additional basis for requesting Movant Doe's personal information. (*See gen'lly, id.*)

### III.    ARGUMENT

The Department of Treasury's subpoena to Plaintiff's e-mail account must be quashed by this Court because the Department cannot establish that it has sought the subpoena for any legitimate purpose outlined in 5 U.S.C. App. §3.

Plaintiff received notice that the Department of Treasury sought to obtain his personal information regarding his e-mail account, along with a heavily redacted subpoena duces tecum. According to the subpoena duces tecum, the material sought "is necessary to carry out a legitimate law enforcement inquiry under the authority of the Inspector General Act of 1978, as amended, 5 U.S.C.A. App. § 3." (*See* Ex. 1, Subpoena Duces Tecum at 5.)

The Legislature created an Office of Inspector General and the Inspector General Act at the Federal Agencies in order to "(1) conduct and supervise audits and investigations relating to the programs and operations[;]

(2) to provide leadership and coordination and recommend policies for activities designed (A) to promote economy, efficiency, and effectiveness in the administration of, and (B) to prevent and detect fraud and abuse in such programs and operations; and

(3) to provide a means for keeping the head of the establishment and the Congress fully and currently informed about problems and deficiencies relating to the administration of such programs and operations." 5 U.S.C. App. §2.

With these goals in mind, the Legislature empowered the Offices of the Inspector General with the authority to, inter alia, "require by subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data in any medium (including electronically stored information), as well as any tangible thing and documentary evidence *necessary in the performance of the functions assigned by this Act*." 5 U.S.C. App. §6(a)(4). (Emphasis added.)

The Inspector General Act of 1978 "provides Inspectors General with 'a broad range of investigatory powers.' These investigatory powers are given to assist Inspectors General in their statutory duty to detect fraud, waste, and abuse in federal programs." *Okon v. United States Dept. of Defense,* Case No. 1:18mc0002, 2018 U.S. Dist. LEXIS 240317, *3 (E.D. Va. Feb. 27, 2018). "Federal courts will enforce an agency subpoena only if (1) the inquiry is within the authority of the agency and is for a proper purpose; (2) the matter requested is reasonably related to the inquiry; and (3) the demand is not unreasonably burdensome or broad." *United States v. Newport News Shipbuilding and Dry Dock Co.*, 837 F.2d 162, 165 (4th Cir. 1988).

Exhibit 1 was produced to Movant through Google and contained the redactions included in that document.  (*See* Ex. 1.)  Based on Exhibit 1, there does not appear to be any legitimate basis for the Department of Treasury's inquiry here.  (*See* Ex. 1 at 1.)  Further, absent a legitimate basis, Movant Doe's First Amendment right to anonymous speech must supersede the Department of Treasury's desire for Movant Doe's personal information.  *Reno v. ACLU*, 521 U.S. 844, 870 (1997); *Sony Music Entm't, Inc. v. Doe*, 326 F. Supp. 2d 556, 562 (S.D.N.Y. 2004) ("It is well-settled that the First Amendment's protection extends to the Internet."); *see also*, *Buckley v. Am. Constitutional Law Found., Inc.*, 525 U.S. 182, 200 (1999); *Sony Music Entm't, Inc.*, 326 F. Supp. at 562 (Supreme Court "recognized that the First Amendment protects anonymous speech.")

Further, even if the Agency has the authority to request the broad personal information sought here, and it does not, the motion should be quashed because the Agency does not possess any appropriate purpose for seeking the information.  (*See* Ex. 1 at 1.); *Newport News Shipbuilding and Dry Dock Co.*, 837 F.2d at 165.  The Department of Treasury's investigation appears completely arbitrary and designed purely to illegally extract personal information regarding Movant Doe through Google, Inc., a third party for unknown reasons.  (*See gen'lly*, Ex. 1.) Because the Department of Treasury's subpoena, as produced to Movant Doe, fails to produce any legitimate basis for obtaining his personal information, the subpoena must be quashed.

**IV.    CONCLUSION**

For all these reasons, the motion to quash should be granted.

Respectfully submitted,

**MCCORMICK LAW FIRM, LLC**

_____/s/_____

Corlie McCormick Jr.
McCormick Law Firm, LLC

2191 Defense Highway, Suite 404
Crofton, Maryland 21114
(410) 216-3424
(410) 216-5307
Corlie@McCormickFirm4Justice.com
Fed Bar No. 28143
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of June, 2021, a copy of the foregoing Movant John Doe's Motion to Quash, Memorandum In Support of Movant's motion, Proposed Order, and Request for Hearing were delivered by CM/ECF and by U.S. mail to:

Richard Delmar
Acting Inspector General
U.S. Department of the Treasury
Office of the Inspector General
Washington, DC 20220


_____/s/_____
Corlie McCormick Jr.